# MEMORANDUM DECISIONS.

BAILIS v. UNITED STATES. (Circuit Court of Appeals, Second Circuit. December 11, 1918.) No. 114. In Error to the District Court of the United States for the Southern District of New York. Criminal prosecution by the United States against Jacob Bailis. Judgment of conviction, and defendant brings error. Affirmed. K. Henry Rosenberg, of New York City, for plaintiff in error. Francis G. Caffey, U. S. Atty., of New York City (Garrett W. Cotter, Asst. U. S. Atty., of Flushing, of counsel), for the United States. Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. This case is affirmed without opinion.

---

THE BRIS. (Circuit Court of Appeals, Second Circuit. November 20, 1918.) No. 141. Appeal from the District Court of the United States for the Southern District of New York. Libel by the Standard Varnish Works against the steamship Bris. From a decree for complainant (253 Fed. 259), libelant appeals. Question certified to the Supreme Court.

ROGERS and MANTON, Circuit Judges. This cause coming on to be heard upon the appeal taken herein by the libelant, and it appearing to the court that a writ of certiorari has been granted by the Supreme Court of the United States to review the decree entered by this court in the case of the International Paper Company against the schooner Gracie D. Chambers and others (253 Fed. 182, —— C. C. A. ——) and it also appearing to the court by an inspection of the transcript of the record upon the appeal in this cause that questions arise in this cause which were involved in the decision in the last-mentioned cause, and that the District Judge relied upon the authority of the decision of this court in said case of the Gracie D. Chambers in making the decision on which the decree appealed from was entered: Now, therefore, this court hereby certifies to the Supreme Court of the United States the following questions of law concerning which it desires the instructions of the Supreme Court for the proper decision of the appeal herein, under the following facts:

On August 17, 1917, varnish belonging to libelant was shipped by it in the port of New York for Gothenburg, Sweden, upon the steamship Bris, consigned to the Allmanna Svenska Elektriska A. B. Westeras, and the agents for said ship thereupon delivered to libelant a bill of lading, of which a copy is annexed hereto, which formed a contract between libelant and claimant in reference to said goods. Particular reference is made to clause 6, clause 7, and the next to last clause of the bill of lading. The libelant paid in advance the freight mentioned in said bill of lading. At the time of said shipment, shippers were required to obtain export licenses from the British government on cargo of this class, and were also required by United States statute to obtain export licenses from the United States government in connection with such articles as the President should, by proclamation, designate. At the time that said shipment was made the President had designated certain articles as to which licenses must be thus procured when destined for Gothenburg, Sweden, but varnish was not included among them. At the time of shipment, the libelant presented a license which it had procured from the British government. On August 27, 1917, the President made a further proclamation, effective August 30, 1917, whereby shippers of varnish and all other cargo destined for Gothenburg, Sweden, were required to procure licenses before the same could be exported. The libelant thereupon made application for such a license, and the claimant held its vessel in port until October 8th, to see if such licenses could be procured, before beginning the discharge of the cargo. Unless shipments were accompanied by the aforesaid licenses they were not allowed by the men-of-war belonging to the Allies to

proceed to destination. On or about October 8th the United States, acting through the Exports Administrative Board, refused the application for a license to transport the goods mentioned in the libel, and other cargo destined for Gothenburg, and claimant thereupon began to unload the cargo of the Bris and concluded the discharge on October 22, 1917. The claimant continued ready and willing to carry said cargo forward, if a license therefor were obtained by libelant. The libelant took redelivery of the cargo at the port of shipment and made a demand upon the claimant that the claimant should return the freight paid, which demand was refused. The question aforesaid is as follows: (1) Did the bill of lading contract justify the carrier, under the facts stated, in refusing to refund the prepaid freight? Which question, arising from the facts aforesaid, is hereby submitted to the Supreme Court.

---

CONRAD v. UNITED STATES. (Circuit Court of Appeals, Eighth Circuit. July 8, 1918.) No. 5108. In Error to the District Court of the United States for the District of Colorado. Boswell F. Reed and Robert W. Steele, Jr., both of Denver, Colo., for plaintiff in error. Harry B. Tedrow, U. S. Atty., of Boulder, Colo., for the United States.

PER CURIAM. Writ of error dismissed, without costs to either party in this court, on motion of plaintiff in error.

---

FAUER et al. v. UNITED STATES. (Circuit Court of Appeals, Second Circuit. November 13, 1918.) No. 28. In Error to the District Court of the United States for the Southern District of New York. Proceeding by the United States against Philip Fauer and others. From the judgment, defendants bring error. Affirmed. Charles H. Griffiths, of New York City (Raymond H. Sarfaty, of New York City, of counsel), for plaintiffs in error. Francis G. Caffey, U. S. Atty., of New York City (Ben. A. Matthews, Asst. U. S. Atty., of New York City, of counsel), for the United States. Before WARD, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Judgment affirmed.

---

FEDERAL TRADE COMMISSION v. NULOMOLINE CO. (Circuit Court of Appeals, Second Circuit. August 16, 1918.) Petition to vacate an interlocutory order of the Federal Trade Commission against the Nulomoline Company. Denied without prejudice. Leo Levy, of New York City (Louis Marshall, Sol. M. Stroock, and Edward F. Spitz, all of New York City, of counsel), for petitioner. Before WARD, ROGERS, and MANTON, Circuit Judges.

PER CURIAM. We regard this application as premature, and therefore it is denied without prejudice, as is also the motion for a stay for the same reason.

---

FUEL ECONOMY ENGINEERING CO. et al. v. BERRY. (Circuit Court of Appeals, Third Circuit. January 13, 1919.) No. 2372. Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge. Suit by William H. Berry against the Fuel Economy Engineering Company and others. From a decree for plaintiff (248 Fed. 736), defendants appeal. Affirmed. Robert M. Barr, of Philadelphia, Pa., for appellants. A. B. Stoughton, of Philadelphia, Pa., and John E. McDonough, of Chester, Pa., for appellee. Before WOOLLEY, Circuit Judge, and THOMPSON, District Judge.

PER CURIAM. By the decree of the District Court, claims 5, 10, 11, and 12 of letters patent No. 726,792, granted William H. Berry, for a feed water regulator, were held valid and infringed. We affirm the decree on the court's opinion. 248 Fed. 736. In order to allay the concern of the appellants that